## No. 6117.

### GEORGE B. FROST, GUARDIAN, VS. CITY OF NEW ORLEANS.

A party must resort to the mode pointed out by law to correct an assessment, otherwise he will be bound by it.

The only action taken by plaintiff in this case is the presentment to the Board of Assessors of an unsworn application, setting forth the valuations made and those to which they should be reduced, the sums at which the properties were rented and at which they were appraised in the probate court, and also setting forth that, in a proceeding in the Superior District Court against the Auditor, the assessment was reduced to a specified sum in a previous year. But the statement of facts in the record does not show what evidence, if any, was presented to the board, or that the plaintiff pursued the course pointed out by law for correction of the assessment.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. S. P. Blanc,* Assistant City Attorney, for defendant and appellee. *Hornor & Benedict,* for plaintiff and appellant.

HOWELL, J. The plaintiff complains that the property of his wards was appraised too high; that he, in accordance with notice given, applied to the Board of Assessors to reduce the assessment one-half, which they refused to do, in disregard of proofs submitted to them; that section forty-five of act No. 42 of 1871, which makes the decision of said Board

of Assessors final, is unconstitutional, and he asks that the city be enjoined from levying any tax upon said excessive assessment, that the said section be declared unconstitutional, and the valuation of the property in question be reduced to the sum named in the petition.

The answer is that the Board of Assessors are vested with exclusive power to correct assessments, and have not been made parties; that plaintiff did not furnish a list of his wards' property according to law; that he did not make application in due form to correct the assessment; that if he ever was entitled to relief it is now too late to grant it in the courts, and that the courts are without jurisdiction of the question.

Judgment was rendered against plaintiff, and he appealed.

Without going into an examination of the constitutional question raised, it is enough to say that the plaintiff has not made such a showing as to entitle him to a judgment as prayed for, even if the question be within the jurisdiction of the courts. See 19 An. 474 and 21 An. 439, where it was held that a party must resort to the mode pointed out by law to correct an assessment, otherwise he will be bound by it.

The only action taken by plaintiff in this case is the presentment to the Board of Assessors of an unsworn application setting forth the valuations made and those to which they should be reduced, the sums at which the properties were rented and at which they were appraised in the probate court, and that in a proceeding in the Superior District Court against the Auditor the assessment was reduced to a specified sum in a previous year. The statement of facts in the record does not show what evidence, if any, was presented to the Board of Assessors, or that he pursued the course pointed out by law for correction of the assessment. Plaintiff has, therefore, failed to make out a case.

Judgment affirmed.